IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA ANN KELLY, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX-17-3846 |
| ROGER SCHLOSSBERG, | * | |
| Appellee. | * | |
| | ***** | |
| GREGORY B. MYERS, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX-17-3847 |
| ROGER SCHLOSSBERG, | * | |
| Appellee. | * | |
| | ***** | |
| GREGORY B. MYERS, *et al.*, | * | |
| Appellants, | * | |
| v. | * | Civil Action No. PX-18-0336 |
| ROGER SCHLOSSBERG, *et al.*, | * | |
| Appellees. | * | |
| | ****** | |

**MEMORANDUM OPINION AND ORDER**

On June 27, 2018, the Court dismissed the three above-captioned bankruptcy appeals as moot. Following this dismissal, Appellants Gregory B. Myers and Barbara Ann Kelly filed a "Motion for Rehearing," which this Court will construe as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). Appellee Roger Schlossberg, Chapter 7 Trustee in the underlying bankruptcy case ("the Trustee"), did not respond, and the time for doing so has

1

expired. *See* D. Md. Loc. R. 105.2.a. The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration, the Court DENIES Appellants' motion.

## I. Background

The facts giving rise to these appeals were described in the Court's previous Memorandum Opinion and Order, and need not be recounted in detail here. *See generally* ECF No. 25.[1] Briefly, these appeals arise from an adversarial proceeding in Myers' bankruptcy case involving Offit Kurman, a law firm that Myers and his wife, Kelly, had previously retained. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 59 at 3 (Bankr. D. Md. Dec. 18, 2017). After Myers' bankruptcy was converted to a Chapter 7 proceeding and the Trustee was vested with standing to pursue or settle Myers' claim against Offit Kurman, the Trustee moved for approval of a Compromise and Settlement with Offit Kurman, which the Bankruptcy Court granted by Order over Appellants' objections. *See generally id.* Pursuant to that Compromise and Settlement, certain proceeds from the sale of real property in Seaside, Florida that had been jointly owned by Myers and Kelly would be disbursed to Offit Kurman. The Settlement was consummated prior to January 10, 2018, and the funds were disbursed. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 80 at 3 (Bankr. D. Md. Jan. 10, 2018); *Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 at 1–2 (Bankr. D. Md. Jan 18, 2018).

Two appeals (case numbers PX-17-3846 and PX-17-3847) challenged the Bankruptcy Court's Order approving the Compromise and Settlement, seeking to vacate the Bankruptcy Court's Order, in addition to other relief. *See* ECF No. 22 at 27. The third appeal (case number

---

[1] Unless otherwise noted, ECF Numbers refer to the docket in Civil Action Number PX-17-3846, *Kelly v. Schlossberg*. The dispositive filings are triple-captioned and filed in each case, as required by an April 19, 2018, Order of the Court. *See* ECF No. 18.

PX-18-0336) challenged the Bankruptcy Court's denial of the request to stay the execution of the Order pending appeal.[2]

In its original Memorandum Opinion and Order, the Court dismissed the appeals as moot because the settlement with Offit Kurman had been consummated.[3] Appellants now contend the dismissal was in error because the Court relied on the "false premise" that the Bankruptcy Court's "Settlement Order is legally valid." ECF No. 26 at 3–4. Appellants further contend that the Order was not valid because (1) the Bankruptcy Court lacked subject-matter jurisdiction to enter the Order approving the Compromise and Settlement; (2) Kelly's Due Process and Seventh Amendment rights were violated by the entry of the Order; (3) the Bankruptcy Court lacked constitutional authority to enter the Order; and (4) the timing of the Order in relation to certain exemptions claimed by Myers further calls into question the Bankruptcy Court's authority to approve the Order. *See generally* ECF No. 26 at 4–11. Appellants argue that this renders the Order "void" and, as such, that this Court is "compelled" to vacate the Order. *See* ECF No. 26 at 16. For the reasons discussed below, the Court disagrees.

II. **Legal Standard**

A motion for to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear

---

[2] The Bankruptcy Court denied the request for stay as moot because the approved settlement already had been consummated. *See Myers v. Offit Kurman, P.A.*, Adversary Proceeding No. 16-00474, ECF No. 83 at 1–2 (Bankr. D. Md. Jan. 18, 2018).

[3] The Court further noted that the appeal at PX-18-0336 could be dismissed for Appellants' failure to show good cause why they did not designate the record on appeal. Appellants assert that the Court's determination was erroneous because Appellants had responded to the Court's show-cause Order. *See* ECF No. 26 at 13–14. Appellants' response, however, addressed only whether the automatic stay provision in the Bankruptcy code reached that appeal in light of Kelly's then-pending Chapter 13 petition. Appellants' response did not meaningfully address their failure to designate the record. *See Myers v. Schlossberg*, Civil Action No. PX-18-0336, ECF No. 7 at 1–3. Dismissal on this alternate ground was proper.

3

error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

**III.  Discussion**

The Court dismissed the appeals on constitutional mootness grounds. *See* ECF No. 25 at 7–10. "[A]n appeal is moot when an affirmance would ostensibly require something to be done which had already taken place, and a reversal would ostensibly avoid an event which had passed beyond recall." *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (internal quotation marks omitted) (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923)). "If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)). If a case is moot, and the Court cannot provide effective relief, then the Court lacks jurisdiction to hear the case and dismissal is warranted. *See Int'l Brotherhood of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 235–36 (4th Cir. 2018); *see also Simmons*, 634 F.3d at 763 (mootness constitutes part of the limit on federal court jurisdiction).

Contrary to Appellants' contention, the Court did not assume that the Bankruptcy Court's Order is legally valid. Instead, this Court concluded that the settlement was consummated prior

to the Court's consideration of the appeals,[4] and as a result, effective relief could not be fashioned. ECF No. 25 at 7–8. As the Court noted, "The questions presented on appeal in all three cases are constitutionally moot. Appellants essentially challenge the Trustee's authority to disburse proceeds from the Lot 6 sale through the settlement reached with Offit Kurman." ECF No. 25 at 7; *see* ECF No. 25 at 7–8 (citing cases).

Appellants' most recent challenges broadly echo arguments previously made to the Court. *See generally* ECF No. 26 at 4–11; *compare* ECF No. 22 at 12–25. None of Appellants' arguments are sufficient to require alteration or amendment of the Court's prior judgment. The three appeals were moot and dismissal was proper.[5]

The only remaining issue is whether this Court committed a clear error of law by not vacating the Bankruptcy Court's Order. Moot cases should be "disposed of . . . in the manner most consonant to justice in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) (internal marks and citations omitted). Although vacatur may be proper when an appeal is dismissed as moot, "[t]he relief of vacatur . . . is not a foregone conclusion." *Rux v. Republic of Sudan*, 410 F. App'x 581, 587 (4th Cir. 2011). Indeed, vacatur is an extraordinary

---

[4] Appellants take issue with the Court's statement that the settlement was consummated prior to Appellants' request that the Bankruptcy Court stay its Order. *See* ECF No. 26 at 13. It is true that the Court stated the settlement had been consummated "prior to Appellants' attempt to stay the settlement." ECF No. 25 at 4 n.3; *see also* ECF No. 25 at 7. However, the Court correctly noted elsewhere that the settlement had been consummated before the Bankruptcy Court ruled on the motion to stay. *See* ECF No. 25 at 3 (the settlement was consummated prior to January 10, 2018). Regardless, the operative fact is that the settlement was consummated before these appeals were decided. The Court's mootness analysis is unaffected.

[5] Although the Court did not address the equitable mootness doctrine in the original Memorandum Opinion and Order, it bears noting that dismissal of Appellants' appeals is appropriate on this basis as well. *See In re Carr*, 321 B.R. at 706. Most, if not all, of the considerations relevant to the equitable mootness determination tilt in favor of dismissal. *See id.* at 707. The relief underlying the Bankruptcy Court's Order has been consummated, it involved Offit Kurman effectively as a third party, the Bankruptcy Court denied Appellants' motion to stay the Order, and the Order is consistent with the larger objective of the Trustee handling the estate in an orderly fashion. Thus, even if constitutional mootness were not at play, the Court finds that granting Appellants' requested relief would be "impractical, imprudent, and therefore inequitable." *See id.* at 706 (quoting *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)). As a matter of equity, the appeals were properly dismissed.

5

equitable remedy, *see id.*; *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000), and a general presumption lies against vacating court orders, *Valero*, 211 F.3d at 118. This is because judicial precedents "should stand unless a court concludes that the public interest would be served by a vacatur." *Bancorp*, 513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J. dissenting)); *see Valero*, 211 F.3d at 118 (quoting *Bancorp*). The burden of justifying vacatur rests with the party seeking that relief. *Bancorp*, 513 U.S. at 26.

Appellants have not established that the extraordinary remedy of vacatur is warranted here. In effect, Appellants request vacatur *as* affirmative relief because, in Appellants' view, the Order approving settlement is deficient. Vacatur in this case would amount to "a refined form of collateral attack" on a presumptively valid Order. *Bancorp*, 513 U.S. at 26, 27. Thus, vacatur is inappropriate here.

The Court also must bear in mind relevant considerations of public interest. "[F]ederal courts exist not just to bring peace between warring parties, but more importantly to give expression and force to the rules and principles . . . embodied in the governing law." *Neumann v. Prudential Ins. Co. of Am.*, 398 F. Supp. 2d 489, 493 (E.D. Va. 2005). Therefore, "the presumption against vacatur is well founded; it stands as a safeguard against strategic manipulation of the judicial system for private gain at public expense." *Id.*; *see also McIntyre v. Aetna Life Ins. Co.*, No. CIV.A. 3:08-CV-00029, 2009 WL 1160671, at *3 (W.D. Va. Apr. 28, 2009) ("While Defendant's desire to eliminate any potential precedential or persuasive effects of the Memorandum Opinion and Order of October 8, 2008, is understandable, the appropriate avenue for doing so is its appeal to the Fourth Circuit. . . . [T]he public interest in preserving the integrity of the judiciary and conserving judicial resources outweighs Defendant's private

interest in vacating the Court's opinions and orders."). In addition to the conservation of judicial resources, the interest in orderly resolution of bankruptcy cases weighs against vacatur here. *See In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006) (discussing "Congress's strong preference for finality and efficiency in the bankruptcy context, particularly where third parties are involved"). Appellants do not give the Court any sound reason to justify vacating the Order. Thus, the Court denies this requested relief. *Cf. Alexander v. Barnwell Cty. Hosp.*, 498 B.R. 550, 559–60 (D.S.C. 2013) (dismissing appeal from bankruptcy court as moot without considering vacatur).

Accordingly, it is this 7th day of September, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that Appellants' Motion for Rehearing is DENIED. The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to the parties.

| 9/7/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |